Filed 11/9/22  In re J.G. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re J.G., a Person Coming Under the Juvenile Court Law. | |
| TULARE COUNTY HEALTH AND HUMAN SERVICES AGENCY,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOHN G. et al.,<br><br>Defendants and Appellants. | F083729<br><br>(Super. Ct. No. JJV073560A)<br><br><br>**OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Tulare County.  Glade F. Roper, Judge.  (Retired Judge of the Tulare Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Jacob I. Olson, under appointment by the Court of Appeal, for Defendant and Appellant J.N.

John G., in pro per, for Defendant and Appellant John G.

No appearance for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Levy, Acting P. J., Peña, J. and Smith, J.

Appellants John G. (father) and J.N. (mother) appeal from the juvenile court's December 30, 2021, order terminating their parental rights under Welfare and Institutions Code section 366.26[1] to their then two-year-old son, J.G. Father appears in propria persona and argues there was insufficient evidence to support the juvenile court's assumption of dependency jurisdiction. We conclude father is barred from challenging the jurisdictional findings under section 366.26, subdivision (*l*) by failing to file an extraordinary writ petition. (Cal. Rules of Court, rule 8.450(a).) Consequently, we dismiss the appeal as to him.

Mother appeared through appellate counsel who informed this court he could find no arguable issues to raise on mother's behalf. This court granted mother leave to file a letter establishing good cause to conclude an arguable issue of reversible error exists. (*In re Phoenix H.* (2009) 47 Cal.4th 835, 844.) Mother filed a letter but failed to show that any arguable issue arose from the termination hearing. Consequently, we dismiss the appeal as to her as well.

## PROCEDURAL AND FACTUAL SUMMARY

Dependency proceedings were initiated in Orange County in August 2020 when then 10-month-old J.G. was admitted to the hospital after mother found him unresponsive. He was severely malnourished because his parents withheld food from him, causing permanent brain damage. The parents were arrested for felony child abuse. Neither parent took responsibility for J.G.'s condition.

According to the paternal grandmother, father became "fanatical with food and lost all hope with [W]estern medicine" after developing ulcerative colitis and suffering complications from treatment. He had two older sons whom he subjected to extreme nutritional deprivation, which was investigated by the Tulare County Health and Human Services Agency (agency). Mother was submissive to his extreme nutritional beliefs.

---

[1] Statutory references are to the Welfare and Institutions Code unless otherwise noted.

J.G. was placed with his paternal grandmother in Tulare County on October 13, 2020.

The Orange County Juvenile Court sustained allegations under section 300, subdivisions (b) (failure to protect) and (e) (severe physical abuse) at the jurisdictional hearing on April 23, 2021. At the dispositional hearing on May 27, 2021, the court ordered J.G. removed from parental custody, denied the parents reunification services (§ 361.5, subd. (b)(5) & (6)) and set a section 366.26 hearing for September 23, 2021. The court ordered the case transferred to Tulare County.

Notices of intent to file an extraordinary writ were filed on the parents' behalf in the Superior Court of Orange County. (Cal. Rules of Court, rule 8.450(e).) However, their attorneys did not file writ petitions in the appellate court.[2]

The Tulare County Juvenile Court accepted the case at a transfer hearing on June 25, 2021. The parents appeared and elected to represent themselves. Father informed the court he and mother had attorneys "forced" on them in Orange County. Minor's counsel informed the court the paternal grandmother had filed a lawsuit against Tulare County. Minor's counsel asked the court to continue the matter to determine whether there was a conflict in accepting the case. The court advised county counsel to place the matter on calendar if there was a conflict and confirmed the section 366.26 hearing.

---

[2]    On our own motion, we take judicial notice of the letter dated June 18, 2021, from the Clerk/Executive Officer of the Court of Appeal for the Fourth Appellate District, Division Three, advising the parties that the juvenile court record in Orange County Superior Court case No. 20DP0969 was filed in the Court of Appeal under case No. G060308 and that any petition for extraordinary writ was due for filing on or before June 28, 2021. We also take judicial notice of the letters filed by father's attorney on June 25, 2021, withdrawing the writ petition, and by mother's attorney on June 28, 2021, advising the Court of Appeal he did not intend to file an extraordinary writ petition on her behalf. (Evid. Code, §§ 452, subd. (d), 459.)

In its report for the section 366.26 hearing, the agency recommended the juvenile court terminate parental rights and free J.G. to be adopted by his paternal grandmother. J.G. was medically monitored by specialists and was evaluated every three months for seizures, spasticity and aspiration. The parents visited J.G. once a week for one hour via video chat. During their visits, they reportedly read material to him such as "American Declaration of the Rights and Duties of Man."

Neither parent appeared at the section 366.26 hearing on September 23, 2021, and the juvenile court's attempt to contact them by telephone was unsuccessful. The paternal grandmother stated the parents participated in the video chat visit the week before and mother was aware of the hearing because she contacted the social worker about it. The court found the parents had notice of the hearing and reasonable efforts were made to contact them. The court terminated their parental rights and set a postpermanency plan review hearing for March 17, 2022.

On October 7, 2021, the juvenile court set aside the order terminating parental rights because the court clerk did not allow father to file a pleading, believing that it was an ex parte communication. The court reset the hearing for December 16, 2021. The agency's recommendation remained unchanged. The hearing was continued to December 30, 2021.

In the interim, father filed a motion to dismiss jurisdiction, which the juvenile court denied at a hearing on December 16, 2021.

On December 30, 2021, the parents appeared and opposed the termination of their parental rights by argument only. Mother disputed minor's counsel's statement that J.G. was not bonded to her, questioning counsel's qualifications to make that statement and arguing she was not permitted to be a parent since J.G. was removed. Father challenged the court's jurisdiction, claiming J.G. was kidnapped and he and mother had not done anything wrong. They were "rail roaded [*sic*]" and their rights were "trampled." He argued the allegations were hearsay and not validated by witnesses sworn under penalty

of perjury, stating, "[a]nd as we have discovered there has been no jurisdiction proven on the record to even allow this to take place, yet it's still taking place." He believed the state was profiting off of the removal of his son, referring to J.G. as a "money bag to the state." Father denied that J.G. had permanent brain damage, claiming he had helped "hundreds of people" return to health with the diet he and J.G. followed.

The juvenile court terminated parental rights, finding by clear and convincing evidence J.G. was likely to be adopted and none of the exceptions to adoption applied. The court set a post-permanency plan review hearing for June 23, 2022, and appointed the paternal grandmother the prospective adoptive parent.

## DISCUSSION

The juvenile court's sole focus at a hearing under section 366.26 is the selection of a permanent plan for the child. (*In re Christopher M.* (2003) 113 Cal.App.4th 155, 160.) When, as here, the court finds the child is likely to be adopted and none of the exceptions to adoption apply, the court has no choice but to terminate parental rights and select adoption as the permanent plan for the child.

Neither parent challenges the juvenile court's order terminating their parental rights or any of the findings necessary to issue that order. Instead, they attempt as they did throughout the proceedings below to overturn the jurisdictional findings.

Father contends "each of the [s]tate [a]ctors assigned to this case, had already determined the outcome in advance, and were just going through the motions." He asserts there "was no due process, either by procedure or substantive rights," and attorneys were "forced" on him.

Mother contends she was denied due process because the court did not issue a jurisdictional order, preventing her from appealing, and the minute order does not suffice. She further contends she was denied reunification services because she did not admit fault. She was simply following her attorney's advice because she had an active criminal case pending.

5.

Mother further contends her trial attorney in Orange County was ineffective because, although he filed a notice of intent to file a writ petition, he did not file a writ petition in the court of appeal because he did not believe there were grounds for appeal. She asked him to file a petition anyway and let the appellate court decide. She concluded he was working with the court to take her son away from her. He never represented her but "was walking and holding [her] hand to the slaughter house [*sic*]."

We conclude the parents are procedurally barred from challenging the jurisdictional findings because they did not file extraordinary writ petitions from the juvenile court's order setting the section 366.26 hearing. We further conclude mother failed to establish her trial attorney was ineffective for failing to file a writ petition on her behalf.

*Appealability of the Jurisdictional Findings*

Once a juvenile court sets a section 366.26 hearing and gives proper notice of the writ remedy, it is incumbent upon a party, who wants to challenge the juvenile court's setting order, to file a timely petition for extraordinary writ review that substantively addresses the specific issues to be challenged and supports the challenge by an adequate record. (§ 366.26, subd. (*l*)(1)(A) & (B).) Failure to file a timely petition for extraordinary writ review, to substantively address the specific issues challenged, or to support that challenge by an adequate record precludes subsequent review by appeal of the juvenile court's findings and orders. (§ 366.26, subd. (*l*)(2).)

Section 366.26, subdivision (*l*) provides in relevant part: "(1) An order by the court that a hearing pursuant to this section be held is not appealable at any time unless all of the following apply: [¶] (A) A petition for extraordinary writ review was filed in a timely manner. [¶] (B) The petition substantively addressed the specific issues to be challenged and supported that challenge by an adequate record. [¶] (C) The petition for extraordinary writ review was summarily denied or otherwise not decided on the merits."

Furthermore, section 366.26, subdivision (*l*)'s preclusion of appeal applies to *all orders* made simultaneously with the order setting the section 366.26 hearing, regardless of their nature. (*In re Anthony B.* (1999) 72 Cal.App.4th 1017, 1024.)

Here, the juvenile court adjudged J.G. a dependent child at the jurisdictional hearing on April 23, 2021, based on true findings that J.G. suffered serious physical harm as described under section 300, subdivision (b)(1) as a result of his parents' failure to provide him adequate food, and suffered severe physical abuse by his parents as described under section 300, subdivision (c) because they withheld proper nourishment from him, resulting in permanent brain damage and physical disability. However, the court's jurisdictional findings were not appealable pursuant to section 395 until May 27, 2021, when the disposition hearing was concluded and the section 366.26 hearing was set. (*In re Sheila B.* (1993) 19 Cal.App.4th 187, 196.) Thus, the parents were required under section 366.26, subdivision (*l*) to raise any jurisdictional issues by extraordinary writ petition from the dispositional hearing, which neither the parents nor their trial attorneys did. Consequently, they cannot now challenge the court's exercise of its jurisdiction on appeal from the December 30, 2021 order terminating their parental rights.

*Ineffective Assistance of Counsel*

In a dependency proceeding, the parents have a statutory and a due process right to competent counsel. (§ 317.5; *In re Meranda P.* (1997) 56 Cal.App.4th 1143, 1151, fn. 3, 1153, fn. 6.) However, counsel is not obliged to undertake futile or frivolous actions on behalf of a client. (Cf. *People v. Constancio* (1974) 42 Cal.App.3d 533, 546.)

To establish ineffective assistance of counsel in dependency proceedings, a parent must establish both that his or her attorney's representation was deficient and that this deficiency resulted in prejudice. (*In re Dennis H.* (2001) 88 Cal.App.4th 94, 98.) To prove deficient representation, an appellant must show that counsel's deficiency involved a crucial issue and " 'cannot be explained on the basis of any knowledgeable choice of tactics.' " (*People v. Loza* (2012) 207 Cal.App.4th 332, 351.) Where, as here, "counsel's

7.

trial tactics or strategic reasons for challenged decisions do not appear on the record, we will not find ineffective assistance of counsel on appeal unless there could be no conceivable reason for counsel's acts or omissions." (*People v. Weaver* (2001) 26 Cal.4th 876, 926.)

Here, the juvenile court found the parents withheld proper nourishment from J.G., resulting in permanent brain damage and physical disability. Evidence that the parents' conduct caused J.G.'s permanent brain damage and disability is uncontroverted and far exceeds the required proof by a preponderance of the evidence to support the findings.

Given the overwhelming evidence supporting the juvenile court's jurisdictional findings, mother's trial counsel was under no obligation to challenge them on appeal. Therefore, mother's claim trial counsel was ineffective in not filing a writ petition is meritless.

## DISPOSITION

The appeal is dismissed.